UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRANCE DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNDERWOOD, *et al.*,<br><br>    Defendants. | Case No. 3:23-CV-0003-ART-CLB<br><br>**ORDER RE: MISCELLANEOUS MOTIONS**<br><br>[ECF Nos. 27, 28, 29] |

This case involves a civil rights action filed by Plaintiff Terrance Davis ("Davis") against Defendant Underwood. Before the Court are several motions filed by Plaintiff Terrance Davis ("Davis"): (1) a motion to enforce settlement agreement; (2) a motion for appointment of counsel; and (3) a motion to compel. (ECF Nos. 27, 28, 29, respectively.)

**I.    DISCUSSION**

On January 2, 2024, Davis, appearing with pro bono counsel Margaret Foley, participated in a Global Early Mediation Conference ("EMC"), where the parties mutually agreed to settle this case along with two of Davis's other pending lawsuits. (*See* ECF No. 20.) The parties agreed to settle for a hot pot, a male razor, and five hundred dollars in Davis's Trust II account. (*Id.*) The parties agreed to have seven days from the date of the EMC to finalize and sign the settlement documents. (*Id.*) The parties agreed that defense counsel would file a stipulation and proposed order of dismissal with prejudice to the Court within 7 days of the Nevada Department of Correction's compliance with the terms of the agreement. (*Id.*) Finally, the parties agreed that the Court would retain jurisdiction over the subject matter during the finalization of the documents, and until the stipulation to dismiss with prejudice was entered and thereafter, the jurisdiction of the Court would terminate. (*Id.*)

On February 9, 2024, more than a month after the EMC, the parties had not submitted their stipulation to dismiss, so the Court entered a minute order directing the

parties to either file a stipulation to dismiss or a status report regarding settlement by no later than February 23, 2024. (ECF No. 21.) The same day, defense counsel filed the stipulation and order to dismiss. (ECF No. 22.) The District Court granted the stipulation to dismiss the case with prejudice on February 23, 2024. (ECF No. 25.)

On February 26, 2024, Davis filed the motion to enforce settlement agreement, (ECF No. 27), motion for appointment of counsel, (ECF No. 28), and motion to compel, (ECF No. 29).

First, to the extent Davis is seeking to enforce the terms of his settlement, this motion is denied. "Federal courts are courts of limited jurisdiction" and possess only the power authorized by the Constitution and United States statutes. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). This power cannot be expanded by judicial order. *Id.* (citing *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951)). It is well-settled there is a presumption a cause of action lies outside the federal court's jurisdiction, and that the party asserting jurisdiction has the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Federal courts must have either an independent (constitutional or statutory) basis for jurisdiction over a cause of action, or jurisdiction pursuant to the court's inherent powers or ancillary jurisdiction. *Id.* at 377-78.

In *Kokkonen*, the Supreme Court held federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a federal lawsuit. *Id.* at 381. The Court stated ancillary jurisdiction is generally permissible under two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379-80 (internal citations omitted). As to the first circumstance, the Court found it would not be particularly efficient for a federal court to exercise jurisdiction over what is essentially a breach of contract claim because the facts underlying the breach of a settlement agreement "have nothing to do with" the facts of the underlying case. *Id.* at 380.

As to the second circumstance, the Court held a federal court has ancillary jurisdiction to enforce a settlement agreement if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement), or by incorporating the terms of the settlement agreement into the order. *Id.* at 381; *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014). Jurisdiction exists in such a case because a breach of the settlement agreement violates a court order. *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) (citing *Kokkonen*, 511 U.S. at 381). If the federal court has no independent jurisdiction over the settlement agreement, and absent making the settlement agreement part of the dismissal order, enforcement of the agreement is for the state courts. *See In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006) (holding that when a bankruptcy court had "entered an order approving the settlement agreement and a second order dismissing the case, . . . stating that '[t]he conditions of the settlement hav[e] been fulfilled'" it did not retain jurisdiction over the settlement agreement, nor did it incorporate 'the parties' obligation to comply with [its] terms'"). "Mere awareness and approval of the terms of the settlement agreement" by the judge are not enough to make the settlement agreement part of the dismissal order. *Kokkonen*, 511 U.S. at 381.

Neither of the factors identified in *Kokkonen* apply in this case. In fact, the Court explicitly stated it would not retain jurisdiction over the settlement once the stipulation to dismiss was entered. (*See* ECF No. 20.) Therefore, this Court lacks jurisdiction to enforce the settlement agreement and must deny the motion. (ECF No. 27.) Further, to the extent Davis seeks sanctions for alleged non-compliance with the settlement agreement, the Court is again without jurisdiction to decide these issues as they are essentially breach of contract claims.

As to Davis's motion for appointment of counsel, (ECF No. 28), this motion is denied as moot. Davis was already appointed counsel to represent him at the EMC, and to the extent he has issues or concerns regarding the settlement or if anything was

unclear to him, he may reach out to his counsel.

Finally, while it is not completely clear to the Court what Davis seeks in his motion for discovery, (ECF No. 29), to the extent he is requesting a copy of his settlement agreement, that request is granted. As noted above, if Davis has other concerns regarding the settlement, he should confer with his counsel.

## II.  CONCLUSION

Consistent with the above, **IT IS ORDERED** that the motion to enforce settlement, (ECF No. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for counsel, (ECF No. 28), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the motion for discovery, (ECF No. 29), is **GRANTED**. Defense counsel shall provide Davis with a signed copy of the settlement agreement by no later than **March 8, 2024**.

**IT IS FURTHER ORDERED** that **no further documents are to be filed in this closed case, and the Clerk is directed to return as unfiled any further documents received in this closed case.**

IT IS SO ORDERED.

DATED:  February 27, 2024  .

**UNITED STATES MAGISTRATE JUDGE**

4